## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATIONAL CASUALTY COMPANY,

        Plaintiff,

vs.

DETTINBURN TRANSPORT, INC.
Serve: Kevin H. Roy
261 Germany Valley Limestone Road
Riverton, WV  26814

HINKLE TRUCKING, INC.
Serve: Gary L. Hinkle
261 Germany Valley Limestone Road
Riverton, WV  26814

TRAVIS FRANK EYE
Serve: Travis Frank Eye
56 Nannys Lane
Harman, WV 26270

H.T. SERVICES, INC.
Serve: Gary L. Hinkle
261 Germany Valley Limestone Road
Riverton, WV  26814

MT. STORM FUEL CORPORATION
Serve: Gary L. Hinkle
261 Germany Valley Limestone Road
Riverton, WV  26814

GARY HINKLE
Serve: Gary Hinkle
261 Germany Valley Limestone Road
Riverton, WV  26814

GREER INDUSTRIES, INC.
D/B/A LIME COMPANY
Serve: Sandra K. Wilson
570 Canyon Road
Morgantown, WV  26508

ELECTRONICALLY
FILED
Aug 19 2022
U.S. DISTRICT COURT
Northern District of WV

Civil Action No.:  **2:22-CV-14 (Kleeh)**

274414093v.2

RICHARD E. MUSSI, JR.
Serve: Richard E. Mussi, Jr.
403 Riverside Drive
Harpers Ferry, WV  25425

ELIZABETH A. MUSSI
Serve:  Elizabeth A. Mussi
403 Riverside Drive
Harpers Ferry, WV  25425

                Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff National Casualty Company ("National Casualty") brings this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. 57 and seeks a declaration of the parties' respective rights and obligations under an insurance policy.

### I.      PARTIES

1.      Plaintiff National Casualty is incorporated in the state of Ohio and has a principal place of business in Scottsdale, Arizona.

2.      Defendant Dettinburn Transport, Inc. ("Dettinburn") is a West Virginia corporation with a principal place of business in Riverton, West Virginia.

3.      Defendant Hinkle Trucking, Inc. ("Hinkle Trucking") is a West Virginia corporation with a principal place of business in Riverton, West Virginia.

4.      Defendant Travis Frank Eye ("Mr. Eye") is a citizen of Harman, West Virginia.

5.      Defendant Mt. Storm Fuel Corporation ("Mt. Storm") is a West Virginia corporation with a principal place of business in Riverton, West Virginia.

6.      Defendant Gary L. Hinkle ("Mr. Hinkle") is a citizen of Circleville, West Virginia.

274414093v.2

7.     Defendant Greer Industries, Inc. d/b/a Lime Company ("Greer Industries") is a West Virginia corporation with a principal place of business in Morgantown, West Virginia.

8.     Defendant H.T. Services, Inc. ("H.T. Services") is a West Virginia corporation with a principal place of business in Riverton, West Virginia.

9.     Defendant Richard E. Mussi ("Mr. Mussi") is a citizen of Harpers Ferry, West Virginia.

10.    Defendant Elizabeth A. Mussi ("Mrs. Mussi") is a citizen of Harpers Ferry, West Virginia.

## II.     JURISDICTION AND VENUE

11.    This Court has personal jurisdiction over the Defendants Dettinburn, Hinkle Trucking, Mt. Storm, and H.T. Services because they are organized under the laws of West Virginia and have a principal places of business in Riverton, West Virginia.

12.    This Court has person jurisdiction over Defendant Greer Industries because it is organized under the laws of West Virginia and has a principal place of business in Morgantown, West Virginia.

13.    This Court has personal jurisdiction over the Defendants Mr. Hinkle, Mr. Eye, Mr. Mussi and Mrs. Mussi because they are citizens of West Virginia.

14.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and § 28 U.S.C. 2201.

15.    An actual case or controversy exists because Mr. and Mrs. Mussi filed a Complaint in the Circuit Court of Randolph County, West Virginia, Civil Action No. 20-C-49 which named a number of defendants, including Dettinburn ("Lawsuit").  A copy of the Amended Complaint is attached as Exhibit 1.  Dettinburn requested defense and indemnity pursuant to an insurance policy

3

issued by National Casualty.  A copy of the insurance policy issued by National Casualty is attached as Exhibit 2.

16.     National Casualty is providing a defense to Dettinburn pursuant to a reservation of rights, and it now seeks a declaration of the parties' respective rights and obligations under the policies.  A copy of the reservation of rights letter is attached as Exhibit 3.

17.     Complete diversity exists because Plaintiff National Casualty is a citizen of foreign state and the Defendants are citizens of West Virginia.

18.     Based on the Complaint filed in the underlying matter, the amount in controversy exceeds $75,000.

### III.    THE UNDERLYING CONTROVERSY

19.     Mr. and Mrs. Mussi filed an Amended Complaint styled "Richard E. Mussi, Jr. and Elizabeth A. Mussi v. Hinkle Trucking, a West Virginia corporation, Travis Frank Eye, H.T. Services, Inc., a West Virginia corporation, Mt. Storm Fuel Corporation a West Virginia corporation, Dettinburn Transport, Inc., a West Virginia corporation, Gary L. Hinkle and Greer Industries, Inc. dba Greer Lime Company, a West Virginia corporation," Circuit Court Randolph County, West Virginia, Civil Action No. 20-C-49.

20.     In the Amended Complaint, the Plaintiffs Mr. Mussi and Mrs. Mussi asserted claims against a number of defendants, including Dettinburn.  They arise from a motor vehicle accident that occurred August 13, 2019 and involved a car driven by Mr. Mussi and a truck tractor and cargo tanker ("Tractor Trailer") driven by Eye and owned by Hinkle Trucking.

21.     In the Amended Complaint, the plaintiffs seek compensation for personal injuries sustained by Mr. Mussi and for loss of consortium by Mrs. Mussi.

274414093v.2

22.     According to the Amended Complaint, the Tractor Trailer was owned by Hinkle

Trucking:

> 30.     On August 13, 2019, at approximately 4:08 a.m., in the dark hours,
> a truck tractor and cargo tanker, specifically a 2014 Peterbilt truck tractor, vehicle
> identification number 1XPXD49X1DD192679, coupled to a 2001 Heil cargo
> tanker, vehicle identification number 5HTSP412X19V85271, owned and operated
> by Defendant Hinkle Trucking, was beginning its transport of its fully laden cargo
> tanker South on West See also Virginia Route 32 from a parked position on the east
> shoulder of West Virginia Route 32 ("Route 32").

Complaint at ¶ 30.  See also Complaint at ¶¶ 36-37.

23.     At the time of the accident, Eye, an employee of Hinkle Trucking, was driving the

Tractor Trailer.  Complaint at ¶¶ 37-38.

24.     Dettinburn was named as a defendant based on the allegation that Hinkle Trucking,

Dettinburn and the other defendants "were alter egos of each other, as an integrated common

enterprise, and at all times herein mentioned there has existed a unity of interest and enterprise

and/or de facto single entity, such that any separateness between them had ceased to exist."

Complaint at ¶ 24.

25.     The Complaint contains six counts, three which were brought against Dettinburn:

(1) Count 1 – Negligence, Gross Negligence & Recklessness; (2) Count 3 – Respondent

Superior/Vicarious Liability; and (3) Count 5 – Punitive Damages. The trial of the Lawsuit is

scheduled for November 2022.

## IV.    POLICY

26.     National Casualty issued a policy, Policy No. LFO0003322 ("Policy"), listing

Dettinburn Transport, Inc. as the Named Insured and containing a Commercial Auto Coverage

Part.  The Policy has a policy period of 12/01/2018 to 12/01/2019 and a $1 million per accident

274414093v.2

limit of liability.  The relevant coverage form contained in the Policy is the Motor Carrier Coverage Form.

27.     That form provides in pertinent part as follows:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.     Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". …

According to the declarations, the covered autos are described by the symbols 68, 71 and 27.

28.     The description of the autos represented by those symbols are as follows:

6

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

IL 12 01 11 85

**POLICY CHANGES**

| POLICY NO. | POLICY CHANGES EFFECTIVE | COMPANY |
|---|---|---|
| | | National Casualty Company |
| LF00003322 | 12/01/2018 | |
| NAMED INSURED | | AUTHORIZED REPRESENTATIVE |
| DETTINBURN TRANSPORT, INC. | | 37020 |
| COVERAGE PARTS AFFECTED MOTOR CARRIER COVERAGE FORM | | |
| CHANGES | | |
| THE FOLLOWING IS ADDED TO PARAGRAPH **A.**, **DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS**, OF **SECTION I – COVERED AUTOS** IN THE **MOTOR CARRIER COVERAGE FORM**: SYMBOL 73 REPORTED "AUTOS": ALL "AUTOS" SCHEDULED AT INCEPTION ARE COVERED AS WELL AS ANY ADDITIIONAL "AUTOS" ADDED DURING THE MONTH PRECEDING | | |

## MOTOR CARRIER COVERAGE FORM

Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we", "us" and "our" refer to the company providing this insurance. Other words and phrases that appear in quotation marks have special meaning.  Refer to Section VI – Definitions.

**SECTION II – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages.  The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 68 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow.  This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households. |
| 71 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business.  This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

7

29.     None of the symbols describe the Tractor Trailer.

30.     In addition, the Policy contains a Punitive or Exemplary Damage Exclusion.  It provides as follows:

### PUNITIVE OR EXEMPLARY DAMAGE EXCLUSION

In consideration of the premium charged, it is agreed that this policy does not apply to a claim of or indemnification for punitive or exemplary damages.
Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

If suit is brought against any insured for a claim falling within coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action; however, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive exemplary damages.

### V.     CAUSE OF ACTION - DECLARATORY JUDGMENT

31.     National Casualty incorporates and restates the allegations in paragraphs 1 through 30 of the Complaint.

32.     No coverage exists under the Policy for the following two reasons:

1.     "Bodily Injury" Was Not Caused by an Accident Resulting from the Ownership, Maintenance or Use of a Covered Auto:  The Tractor Trailer involved in the accident was not a "covered auto" pursuant to the Motor Carrier Coverage Form.  Specifically, it is not an auto that falls within the description of autos associated with symbols 68 and 71 because it is not a Hired Auto or a Non-Owned Auto.  In addition, it is not a "reported auto" and thus symbol 73 does not apply. Therefore, the Policy does not provide coverage for the August 3, 2019 accident.

2.     Punitive or Exemplary Damage Exclusion:  Under this exclusion, National Casualty has no duty to indemnify Dettinburn for punitive or exemplary

damages.  Thus, it has no obligation to pay any award or settlement including or attributable to punitive damages.

33.     Wherefore, National Casualty requests that the Court issue a declaration that under the Policy it owes no duty to defend or indemnify Dettinburn with respect to the allegations on the Amended Complaint.

## VI.     CLAIM FOR RELIEF

WHEREFORE, National Casualty Company asks the Court for the following relief:

A.     A Declaration that National Casualty owes no duty to defend or indemnify Dettinburn Transport, Inc. in the Lawsuit;

B.     For all other just and equitable relief, including costs.


Dated:  August 19, 2022                     Respectfully submitted,

                                            NATIONAL CASUALTY COMPANY
                                            By its attorney,

                                            */s/ Camille E. Shora*
                                            Camille E. Shora, WV State Bar No. 9176
                                            WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER
                                            8444 Westpark Drive, #510
                                            McLean, VA 22102
                                            Phone:  (703) 245-9300
                                            Fax:  (703) 245-9301
                                            Email:  Camille.Shora@wilsonelser.com

274414093v.2